UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
DANIEL MELENDEZ and HANNAH CHOCHRON,

        Plaintiffs,                                    Docket No.:

        v.

UNITED STATES OF AMERICA,

        Defendant.
-----------------------------------------------------------------X

## COMPLAINT

PLAINTIFFS, DANIEL MELENDEZ and HANNAH CHOCHRON (together, "Plaintiffs"), by and through undersigned counsel, allege as follows:

### NATURE OF THE CASE & INTRODUCTION

1. This case is brought to obtain a refund of tax paid for calendar year 2006.

### JURISDICTION, VENUE, STANDING & DEMAND FOR JURY TRIAL

2. This Court has jurisdiction over this action pursuant to 26 U.S.C. §§ 6511(a) and (b), 6532(a), 7422(a), 28 U.S.C. §§ 1331, 1346, and 5 U.S.C. § 702.

3. Venue is proper under 28 U.S.C. § 1391(e)(1) in this Court because Plaintiffs reside in this venue.

4. Plaintiffs have Article III standing as they have been deprived of their duly owed refund of tax for calendar year 2006, which they initially claimed on a timely filed amended federal income tax return submitted in connection with the Internal Revenue Service's (IRS) Offshore Voluntary Disclosure Program (the "OVDP"), and thereafter timely filed a claim for refund with the IRS.

5. Plaintiffs have satisfied all conditions precedent to bringing this action, having paid in full the asserted additional tax liability, submitted a claim for refund less than two years after Plaintiffs and a representative of the IRS executed an IRS Form 872, which extended the time for the IRS to assess tax (the "Tolling Agreement") and also allowed Plaintiffs to file a claim for credit or refund within six (6) months after the Tolling Agreement ended.

6. A trial by jury is demanded pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## THE PARTIES

7. Plaintiffs are American citizens and, at all relevant times, have been residents of New York, living in New York County.

8. Defendant is the United States of America.

## FACTS

9. On or about February 7, 2023, Plaintiffs timely filed a refund claim for calendar year 2006 in the amount of $222,829.66 by filing IRS Form 843 with the Department of Treasury.

10. On July 2, 2025, an IRS Appeals Officer located in San Diego, California (the "Appeals Officer") issued an IRS Letter 2683, informing Plaintiffs that the IRS had allowed $182,652.21 of Plaintiffs' refund claim and indicated that a notice explaining the changes made to Plaintiffs' IRS account would be sent under separate cover.

11. As of the date of this Complaint, Plaintiffs have not received the notice described above explaining changes to their IRS account. Further, the IRS has yet to explain why it allowed $182,652.21 of Plaintiffs' refund claim but disallowed the remainder of their claim.

12. Plaintiffs, however, were subsequently informed by the Appeals Officer on July 16, 2025 that, due to staffing cuts at the IRS, together with other delays the IRS is experiencing in connection with processing refund claims, it is unlikely that Plaintiffs' refund will be processed by October 4, 2025 (the deadline for Plaintiffs' claim) and that, if the refund is not processed by date that, the IRS will not issue Plaintiffs' refund because the general two-year period for refund claims will have expired.

## CLAIM FOR RELIEF
### Claim for Refund of Tax – 26 U.S.C. § 7422

13. Paragraphs 1 through 12 are realleged and incorporated herein.

14. Plaintiffs timely filed an amended income tax return for calendar year 2006 through the IRS OVDP, which constituted a formal refund claim.

15. Plaintiffs and the IRS executed the Tolling Agreement, which extended the time by which Plaintiffs could submit a refund claim for calendar year 2006.

16. Plaintiffs timely submitted a renewed claim for refund in the total amount of $222, 829.66 within the period allowed by the Tolling Agreement.

17. The IRS subsequently allowed most of Plaintiffs' refund claim, but without explanation, denied a portion of Plaintiffs' claim.

18. The IRS advised Plaintiffs that, even though a substantial portion of their refund claim had been allowed, the IRS likely will not be able to process the allowed portion of refund before October 4, 2025, after which Plaintiffs' refund claim would be lost unless Plaintiffs filed an action for the refund in federal court.

19. Because Plaintiffs have not yet received any payment in connection with their 2006 refund claim (the majority of which was allowed by the IRS), nor have they received an

explanation or basis for why the remainder of their 2006 claim was disallowed, Plaintiffs are entitled to a full refund for their 2006 refund claim in the amount of $222,829.66.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that this Court:

A. Order Defendant to refund Plaintiffs their entire claim for calendar year 2006 as well as pre-judgment and post-judgment interest as permitted by law;

B. Award Plaintiffs reasonable attorney's fees and costs; and

C. Grant such additional and further relief as the Court deems proper and just.

Respectfully submitted,

October 2, 2025
New York, New York

/s/ Brian P. Ketcham
Brian P. Ketcham
KETCHAM LAW PLLC
52 Duane Street, 7th Floor
New York, NY 10007
Tel: (212) 518-6380
bk@ketchampllc.com

*Counsel for Plaintiffs*